## In re Annexation of a Part of Lancaster Township to the City of Lancaster.

*Annexation of part of township to city — Ballots — Uniform Declaratory Judgments Act of June 18, 1923—Annexation Act of July 11, 1923.*

1. In proceedings under the Act of July 11, 1923, P. L. 1047, for the annexation of part of an adjoining township to a city, a petition by a freeholder of the township, asking the court to construe the act on the question of whether the county commissioners should print the question of annexation on all the ballots to be used in the township or only on ballots to be used by voters of the portion asked to be annexed, will not be considered by the court, as it does not fall within the provisions of the Declaratory Judgments Act of June 18, 1923, P. L. 840, and the petitioner has no special interest affected, but only the same rights as all other residents.

2. If the county commissioners do not carry out the law and the order of the court in a legal way, that question can be met when the facts are properly brought before the court, but it does not involve the interpretation of the Annexation Act of July 11, 1923, P. L. 1047. In that act the commissioners are not mentioned, nor are their duties defined or alluded to.

Road minute 144. Petition for declaratory judgment. Q. S. Lancaster Co., April Sess., 1924.

*Charles G. Baker,* for petition; *J. Andrew Frantz,* County Solicitor, contra.

LANDIS, P. J., Oct. 4, 1924.—On July 26, 1924, a petition of divers freeholders of the Township of Lancaster was presented to this court under the Act of July 11, 1923, P. L. 1047, praying that a portion of said township, as shown by a plan thereto attached, should become part of the City of Lancaster. In accordance with the terms of the said act of assembly, the court ordered that notice of the said petition and the entry of the order should be given by advertisement in four newspapers which circulated in the territory to be annexed, and by one hundred hand-bills posted in conspicuous places in the said territory. It was further ordered that notice of the presentation of the petition and the order should be given to the mayor of the city and to all public officials of the territory proposed to be annexed by serving upon them a copy of the advertisement directed to be made.

On Aug. 23, 1924, proof of publication was filed, and that day the following decree was entered, to wit: "And now, Aug. 23, 1924, upon consideration of

In re Annexation of a Part of Lancaster Township to the City of Lancaster.

the petition for annexation of a part of Lancaster Township to the City of Lancaster, Pennsylvania, as described by metes and bounds, and by a draft or plot of the same in said petition, and it appearing to the court that due and proper notice of the presentation of the said petition has been given in accordance with the Act of the General Assembly approved July 11, 1923, P. L. 1047, it is ordered and decreed that an election be. held in the part of Lancaster Township proposed in the said petition to be annexed to the City of Lancaster, and in the City of Lancaster, at the general election on Nov. 4, 1924, on the question whether said part of Lancaster Township shall be annexed to the said City of Lancaster. And it is further ordered and decreed that notice shall be given of the time of such election by advertisement in a newspaper of general circulation in the territory affected, once a week for six consecutive weeks preceding such election, and by at least one hundred hand-bills posted in conspicuous places in the same. And it is further ordered and decreed that the County Commissioners of the County of Lancaster, in the State of Pennsylvania, shall print on the ballot to be used at the said election: 'Shall the part of Lancaster Township immediately adjoining the City of Lancaster on the west, and described in a petition presented to the Court of Quarter Sessions of Lancaster County, and in advertisement made pursuant to the order of the said court, be annexed to the City of Lancaster?' Followed by the words 'Yes' and 'No.' And it is further ordered and decreed that notice of the entry of this order be given to the said County Commissioners of the County of Lancaster by serving upon them a copy of the same."

On Sept. 6, 1924, J. G. Forney presented his petition to this court, setting forth that he is a *bona fide* resident, taxable inhabitant and freeholder of the Township of Lancaster, County of Lancaster and State of Pennsylvania, and of the part of said township proposed to be annexed to the City of Lancaster by the petition presented on July 26, 1924; that he is a signer of the petition for the annexation; that on July 26, 1924, the court ordered notice to be given of the presentation of said petition for annexation in accordance with the provisions of the Act of the General Assembly above referred to, approved July 11, 1923, P. L. 1047; that such notice was given and proof thereof made on Aug. 23, 1924, whereupon it was ordered and decreed that an election should be held on said question of annexation at the general election to be held on Nov. 4, 1924, in the part of Lancaster Township proposed to be annexed, and in the City of Lancaster, and further ordered and decreed that the County Commissioners of the County of Lancaster should print upon the ballot to be used at said election the following question: "Shall the part of Lancaster Township immediately adjoining the City of Lancaster on the west, described in a petition presented to the Court of Quarter Sessions of Lancaster County, and in advertisements made pursuant to the order of the said court, be annexed to the City of Lancaster?" The petitioner avers that he is informed and believes that the County Commissioners of Lancaster County intend and are about to print the said question upon all of the ballots to be used in the said township, and not upon the ballots to be used only in that part of the township proposed to be annexed as aforesaid, and that he is advised and believes that the said course about to be pursued by the County Commissioners of Lancaster County is contrary to the provisions of the act of the general assembly and to the decree of the court; that he is an interested party to the said proceedings and that his rights and civil status are affected by the said act of assembly, the said decree and the said contemplated course to be pursued by the county commissioners, and that he would be

directly affected by the said election, and desires that the said question of annexation may be correctly submitted to the vote of the people in accordance with the laws of the State of Pennsylvania. He, therefore, desired that the court might declare and construe the said act of assembly and the said decree so as to definitely determine the proper course to be pursued thereunder by the County Commissioners of Lancaster County.

This petition was presented in accordance with the provisions of the Uniform Declaratory Judgments Act, approved June 18, 1923, P. L. 840. The 1st section of that act reads: "That courts of record, within their respective jurisdictions, shall have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree." Section 2 reads: "Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status or other legal relations thereunder." Section 6 provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

We are of the opinion that the present case is not one falling under the provisions of the above Declaratory Act, and, even if it is, that under all the circumstances we should not in this way intervene. The personal rights, status or other legal relations of the petitioner are not affected by the statute. He has only the same rights that thousands of other citizens throughout the State possess, any of whom could, if his position is correct, present a like petition to the court of his residence.

Section 3 of the Annexation Act provides that the election shall be held at either the general or municipal election. It differs from the repealed Annexation Act of April 28, 1903, P. L. 332, in that, under that act, the county commissioners were to prepare separate ballots for such election, and also were to provide for the placing of such ballots at the polling-places at the opening of the polls on the day fixed, and for separate ballot-boxes to receive the ballots. There is no provision of this kind in the Act of 1923, as section 4 provides only that "in receiving and counting, and making returns of, the votes cast, the inspectors, judges and clerks of such election shall be governed by the laws of this Commonwealth regulating elections," and that "the result of the election shall be certified to the Court of Quarter Sessions having jurisdiction of the proceedings." The methods of conducting elections are purely statutory. If the commissioners do not carry out the law and the order of the court in a legal way, that question can be met when the facts are properly brought before us; but it does not, in our judgment, involve the interpretation of the Annexation Act of 1923. In that act the commissioners are not mentioned, nor are their duties defined or alluded to.

The case of Brookville's Election, 5 D. & C. 54, does not involve the same question as is presented here.

We, therefore, refuse to render or enter a declaratory judgment or decree as prayed for and dismiss the petition, at the costs of the petitioner.

From George Ross Eshleman, Lancaster, Pa.